IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                              Criminal No. 3:12cr131

JOSE ARMANDO BRAN,
MICHAEL AREVALO,
and
KAREN SAN JOSE,

      Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION OF UNITED STATES TO CONTINUE THE TRIAL DATE BEYOND SEVENTY DAYS (Docket No. 32). Defendants Bran and Arevalo join in the Government's motion. Defendant San Jose opposes it. For the reasons sets forth on the record on September 26, 2012 and below, the motion will be granted.

## BACKGROUND

On September 4, 2012, the Grand Jury returned a SUPERSEDING INDICTMENT (Docket No. 21) against the three named defendants in this case. Defendants Bran, Arevalo, and San Jose are each charged with Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5), Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1), and Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C.

§ 924(c)(1)(A). Defendant Bran is further charged with an additional count of Conspiracy to Commit Murder in Aid of Racketeering and one count of Maiming in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(2). The first three counts arise out of the July 24, 2011 homicide of Osbin Noel Hernandez-Gonzalez. The other two counts arise out of the January 14, 2012 attempted homicide of an undisclosed individual. The defendants were arraigned before this Court on September 26, 2012, at which point the parties offered oral argument on the motion to continue the trial date.

## DISCUSSION

The Speedy Trial Act, codified at 18 U.S.C. § 3161(c)(1), provides that "the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(h)(7)(A) affords the Court the ability to continue the trial date beyond the seventy-day mark, if it finds that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." The statute further identifies four factors that the Court "shall consider when determining whether to grant a

continuance." 18 U.S.C. § 3161(h)(7)(B). The Government and the movant-defendants argue that this case falls within two of those factors: (1) that the case is "so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings . . . within the time limits established by this section," 18 U.S.C. § 3161(h)(7)(B)(ii); or (2) that, in the alternative, if the case "is not so unusual or so complex as to fall within clause (ii)," that a trial date within the seventy days "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). In addition, the Government asks for a ninety-day continuance to allow the Department of Justice to determine whether the Government intends to seek the death penalty in this case.

When defendants are faced with the prospect that they could be executed at the end of a legal proceeding, it is incumbent upon the Government to proceed expeditiously and with diligence to make the determination whether the case warrants a request to impose the death penalty. The courts are not at liberty to extend the time within which a trial is to be held under the Speedy Trial Act simply because the Government has established

3

an unwieldy procedure for decision-making. The statute outlines what is required before a court can certify a case as complex, and the need for the United States to decide whether the case warrants prosecution as a death penalty case is not among those reasons.

Defendant San Jose argues, and the Court agrees, that the facts of the homicide that give rise to the present case are neither complex nor unusual. However, there is more to this case than that. Here, the indictment charges that the three defendants all played different, and dissimilar, parts in the murder of Henandez-Gonzalez, arising out of their roles in a comprehensive racketeering enterprise. The Government represents, and Bran and Arevalo agree, that this case involves over 1,000 pages of written discovery, extensive witness interviews, and that additional discovery is forthcoming. Counsel for Bran represented that discovery information provided to date raises the possibility of doubt as to the identity of the person who shot the murder victim. Considering the information presented in the moving papers and at the arraignment, the Court finds that this case is "complex" as a result of the "nature of the prosecution" as anticipated by 18 U.S.C. § 3161(h)(7)(B)(ii).

The record shows, and the Court also finds, that a failure to grant the continuance in this case "would deny counsel for

the defendant[s] . . . the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Effective preparation in a potential death penalty case includes preparing and presenting to the Department of Justice an explanation on why, in the defendant's view, the death penalty should not be sought. Considering the representations made by counsel for Bran and Arevalo in the status hearing on September 26, 2012 that they require additional time to undertake that task and to prepare for trial, and, considering that defendant Arevalo is awaiting a trial soon to be held in Maryland on pending state charges and, therefore, his counsel are unable to easily gain access to him, the Court finds that failing to grant the continuance would deprive counsel for the defendants Bran and Arevalo the time necessary for effective preparation.

In opposing the motion, counsel for San Jose represented that the defense team in her case will be prepared to proceed to trial in the seventy-day period specified by the Speedy Trial Act and is even now prepared to press her cause with the Justice Department in opposition to a death penalty notice. Considering what has been placed on the record about the nature of the case and the realistic prospect that San Jose will face the death penalty, and having been informed that counsel for San Jose have

5

not been given the extant discovery materials[1] and that the Government soon expects to present more discovery, the Court cannot accept that it is in San Jose's interest, or the interest of justice, to set this action for trial without affording more time for preparation than would be available under the Speedy Trial Act (the trial date would be December 5, 2012). Past experience in multi-defendant death penalty cases, some of which involved racketeering charges, teaches that adequate preparation for both the guilt and penalty phases can be expected to take considerably longer than seventy days.

Further, to proceed in accord with San Jose's suggested approach would prejudice the defense of co-defendants Bran and Arevalo. On the basis of the allegations in the Superseding Indictment, all three defendants properly should be tried together. Hence, it is necessary to assess the present motion in perspective of the interests of all three defendants, as well as the interests of each defendant independently. Having done so, based on the record currently available, the Court must conclude that it is in the interest of justice, as well as the interest of each defendant, to grant the motion.

Accordingly, the Court will grant the motion to extend the time for trial, by a reasonable period, by exercising the

---

[1] Counsel have been negotiating the terms of a protective order limiting dissemination of the discovery material.

authority conferred by 18 U.S.C. § 3161(h)(7)(A) as informed by factors in subsections (h)(7)(B)(ii) and (B)(iv), and accordingly finds that the ends of justice would be served by setting a trial date more distant than that called for in the Speedy Trial Act and that the period of delay resulting from that continuance outweighs the interests of the public and the defendants in a trial held within the time called for by the Speedy Trial Act. For the reasons set forth above, the MOTION OF UNITED STATES TO CONTINUE THE TRIAL DATE BEYOND SEVENTY DAYS (Docket No. 31) will be granted. However, until it is known whether the case will proceed as one in which the death penalty is sought, it is difficult to set a realistic trial date which will allow time for adequate preparation by the defense.

Therefore, the trial date for this case will be continued generally until further order of the Court. Further, the defendants will be required to proceed immediately to develop the presentations that they wish to present to the Department of Justice under the "Death Penalty Protocol" and to make arrangements forthwith to schedule those presentations, and, by December 7, 2012, the United States and the Department of Justice shall conclude the assessment respecting whether to seek the death penalty for any, or all, defendants and shall report that decision to the Court and the defendants by that date.

Counsel also are expected to continue to prepare for trial mindful that the case will be set for trial at the earliest date following December 7, 2012 that will allow for adequate preparation by the defense. The parties will convene at a status conference with the Court on December 13, 2012 at 2:00 p.m. to set a trial date. By that time, counsel shall have conferred respecting the terms of a discovery order, the dates for the filing of pre-trial motions, the length of trial and any other matters that should be considered at the status conference. Counsel should reduce their understanding to writing in the form of an order which should be presented for review on December 11, 2012.

The previously scheduled trial date of October 17, 2012 for defendant Bran will be vacated because the charges therein have been superseded by virtue of the filing of the Superseding Indictment and the charges therein will be tried along with the new charges in the Superseding Indictment.

It is so ORDERED.

                                                  /s/     REP
                                         Robert E. Payne
                                         Senior United States District Judge

Richmond, Virginia
Date: September 28, 2012