

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:12cr131-01

JOSE ARMANDO BRAN,

     Defendant.

### MEMORANDUM OPINION

This matter is before the Court on defendant Jose Armando Bran's ("Bran") MOTION FOR JUDGMENT OF ACQUITTAL (Docket No. 290). For the reasons set forth herein, the motion will be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2012, Bran was charged in a Second Superseding Indictment with Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5), Murder in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2, Use of a Firearm During a Crime of Violence Causing Death to Another, in violation of 18 U.S.C. §§ 924(c)(1)(A), (j) and 2, Conspiracy to Commit Murder in Aid of Racketeering, 18 U.S.C. § 1959(a)(5), and Maiming in Aid of Racketeering Activity, in violation of 18 U.S.C. §§ 1959(a)(2) and 2.

Count Three alleged a violation of 18 U.S.C. §§ 924(c)(1)(A) and (j), Use of a Firearm During a Crime of Violence Causing Death to Another. Specifically, Count Three

alleged:

> On or about July 24, 2011, in Richmond,
> Virginia, in the Eastern District of
> Virginia, and elsewhere, the Defendant, Jose
> Armando Bran, and others did unlawfully,
> knowingly, and intentionally use, carry and
> discharge a firearm during and in relation
> to a crime of violence for which they may be
> prosecuted in a Court of the United States,
> specifically, murder in aid of racketeering,
> in violation of Title 18 United States Code
> Section 1959 (A)(1), as set forth and
> charged in count one, which is re-alleged
> and incorporated by reference herein, and in
> the course of this violation caused the
> death of Osbin Noel Hernandez-Gonzalez
> through the use of the firearm which killing
> was murder, as defined in 18 U.S.C. Section
> 1111, in that the Defendant, Jose Armando
> Bran, with malice aforethought, did
> unlawfully kill and murder Osbin Noel
> Hernandez-Gonzalez by shooting him with a
> firearm and did aid, abet, counsel, command,
> induce, or cause another to commit said
> offense, in violation of Title 18, Sections
> 924(c)(1)(A) and (j) and 2.

(Second Superseding Indictment (Docket No. 279) at 59). At the

conclusion of the trial, the Court instructed the jury on the

elements of Count Three and provided the jury with the verdict

form. The verdict form requested the jury to state whether the

defendant was guilty or not of Count Three and, if he was found

guilty of Count Three to answer whether the jury unanimously

found that the defendant aided and abetted another to: "Use a

firearm;" "Carry a firearm;" or "Cause a firearm to be

discharged." The Court made clear in its verbal instructions to

the jury that, if they found the defendant guilty, "you have to

then answer the next question: Did he aid, abet, [etc.] another to use, carry, or cause a firearm to be discharged. And you have to check which ones you think are correct, if any. And you have to be unanimous."

After deliberations, the jury returned a verdict of "guilty" as to Count Three and marked an "x" by "cause to be discharged." The jury left the remaining lines blank. The Court inquired of counsel whether the jury should be sent back to provide an answer as to "use" and "carry" and the parties indicated that they were happy to rest on the verdict form as returned.

Subsequently, Bran filed this motion for a judgment of acquittal as to § 924(j), arguing that, because the jury did not make a finding of "use" he could not be convicted of the § (j) enhancement which provides that "[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall" be subject to a particular maximum penalty. The Government opposed (Docket No. 298) and Bran replied (Docket No. 299). Oral argument was held on July 24, 2013.

## DISCUSSION

Federal Rule of Criminal Procedure 29 requires the Court, upon motion from the defendant or sua sponte, to "enter a judgment of acquittal of any offense for which the evidence is

3

insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).
Typically, the Court must sustain a guilty verdict if, "viewing
the evidence in the light most favorable to the prosecution, the
verdict is supported by substantial evidence." United States v.
Smith, 451 F.3d 209, 216 (4th Cir. 2006). "Substantial evidence"
is "evidence that a reasonable finder of fact could accept as
adequate and sufficient to support a conclusion of a defendant's
guilt beyond a reasonable doubt." Id. (internal quotations
omitted). This, however, is not a typical Rule 29 motion. The
question that Bran raises is not whether a reasonable jury could
have found him guilty of a § 924(j) offense, but whether it did
in fact so find.

There is no question that "[a] mistaken acquittal is an
acquittal nonetheless." Evans v. Michigan, 133 S. Ct. 1069, 1074
(2013). The question, then, is whether, by only marking the
"discharge" option on the verdict form, the jury acquitted
(intentionally or otherwise) Bran of the § 924(j) charge. In
addition, it is well-settled that "any fact that increases the
penalty for a crime beyond the prescribed statutory maximum must
be submitted to the jury." Apprendi v. New Jersey, 530 U.S. 466,
490 (2000). "When a finding of fact alters the legally
prescribed punishment so as to aggravate it, the fact
necessarily forms a constituent part of a new offense and must
be submitted to the jury." Alleyne v. United States, 133 S. Ct.

2151, 2162 (2013). Thus, the interplay between § 924(c) and § 924(j) becomes paramount to the issue at hand.

Section 924(j) provides that "[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall (1) if the killing is a murder . . . be punished by death or by imprisonment for any term of years or for life." 18 U.S.C. § 924(j)(1). Section 924(c) provides, in relevant part, a series of escalating mandatory minimum sentences for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Because § 924(c) does not set a maximum penalty, all Courts of Appeals, including the Fourth Circuit, have concluded that the statutory maximum for a § 924(c)(1) offense is life. United States v. Cristobal, 293 F.3d 134, 147 (4th Cir. 2002); see also United States v. Ortiz-Garcia, 665 F.3d 279, 285 (1st Cir. 2011) ("Today, to avoid any uncertainty in this circuit, we join all of our sister circuits in finding that the maximum penalty under 18 U.S.C. § 924(c)(1)(A) is life imprisonment."); id. at 285 n.6 (collecting cases from the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, and

Eleventh Circuits).[1]

"[T]he conduct elements of a § 924(j) violation are (1) the use of a firearm to cause the death of a person and (2) the commission of a § 924(c) violation." <u>United States v. Robinson</u>, 275 F.3d 371, 378 (4th Cir. 2001). However, the Fourth Circuit has explained that § 924(j)(1) "actually contains two offenses - a basic offense without any aggravating factor, the commission of which exposes the defendant to a maximum punishment of life imprisonment, and an aggravated offense with at least one aggravating factor, the commission of which exposes the defendant to the maximum punishment of the death sentence." <u>United States v. Jackson</u>, 327 F.3d 273, 287 (4th Cir. 2003). Here, the Second Superseding Indictment plainly alleges several aggravating factors, with specific reference to 18 U.S.C. § 3591(a)(2), thus indicating that, notwithstanding the fact that the United States did not seek the death penalty, Bran was

---

[1] Bran acknowledges that courts have consistently held that the maximum penalty under § 924(c) is life, but argues that, because the statute does not specify a maximum, § 924(c) only authorizes the Court to impose the mandatory minimum in order to preserve the issue on appeal. Sections 924(c)(1)(A)(i)-(iii) clearly specify that defendant shall be sentenced a term of imprisonment of "not less than" the mandatory minimums. Notwithstanding the binding authority of, among others, <u>Cristobal</u>, and the persuasive authority of every other court to consider the question, the Court can find no reason to the read the phrase "not less than" out of the statute. Of course, § 924(j) explicitly authorizes a sentence of life, if the underlying death is a homicide, such that the question is of little relevance here.

charged with version of § 924(j) for which death is the maximum penalty. However, it is also true that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. 296, 303 (2004) (emphasis in original). Since the aggravating (and mitigating) factors were not submitted to the jury, as required by 18 U.S.C. § 3593, it would appear that the statutory maximum for the present case, based on the jury verdict, is life. The issue is of no immediate moment, however, because the "element" that separates § 924(c) offense from a § 924(j) offense — that the firearm caused the death of another — was presented to the jury.

Whether § 924(j) provides an additional aggravating "factor" or "element" of a § 924(c) offense is subject to a split in decisional authority. Arguing that § 924(j) presents a discrete offense, Bran relies principally on the decision of the United States Court of Appeals for the Eleventh Circuit in United States v. Julian, 633 F.3d 1250 (11th Cir. 2011). In Julian, the court addressed the question whether a sentence under § 924(j) was subject to the mandate, set forth in § 924(c)(1)(D)(ii), that the sentence for a § 924(c) offense run consecutively to the sentence for the underlying crime of violence. Relying on the treatment of the distinction between

"sentencing factors" and "elements" as analyzed by the Supreme Court of the United States, in inter alia Castillo v. United States, 530 U.S. (2000) and Harris v. United States, 536 U.S. 454 (2002), which dealt with the various enhancements provided for in § 924(c), the Julian court concluded that "Congress intended section 924(j) to define a distinct offense, not a sentencing factor." Julian, 633 F.3d at 1254. As a result, the Julian court concluded that the sentence for a § 924(j) offense could run concurrently to the sentence for the underlying crime of violence. Addressing the "anomaly that a criminal would have to receive a consecutive sentence for any violation of section 924(c) except for those violations that cause death," the court expressed the view that "our interpretation of section 924(j) does not prevent a district court from imposing a sentence under section 924(c) that must run consecutive to a separate sentence imposed under section 924(j)." 633 F.3d at 1256.

In contrast to Julian, the Tenth Circuit in United States v. Battle, 289 F.3d 661 (10th Cir. 2002) and the Eighth Circuit in United States v. Allen, 247 F.3d 741 (8th Cir. 2001) rev'd on other grounds 536 U.S. 953 (2002), have concluded that § 924(j) operates as a sentencing enhancement of the underlying § 924(c) offense. See Battle, 289 F.3d at 669 ("We agree with the Eighth Circuit that § 924(c) unambiguously mandates the imposition of a consecutive sentence 'in addition to' the punishment ordered for

the use of a firearm during the commission of a crime of violence where the evidence demonstrates the existence of the <u>aggravating sentencing factors</u> set forth in § 924(j).") (emphasis added); <u>Allen</u>, 247 F.3d at 769 ("[W]hen read in context of the criminal scheme set forth in § 924(c), we think § 924(j) is fairly interpreted as an additional aggravating punishment for the scheme already set out in § 924(c)."). <u>Battle</u>, like <u>Julian</u>, addressed the distinction between §§ 924(c) and 924(j) in the context of the "consecutive sentence" provision of § 924(c)(1)(D)(ii) and the ability of the district court to impose consecutive or concurrent sentences. In <u>Allen</u>, the defendant argued that, while subsection (c) clearly provided for the punishment to run consecutively to the underlying crime of violence, subsection (j) did not and, therefore, the district court was not permitted to sentence him to life for the crime of violence <u>and</u> death for the subsection (j) violation. Rejecting Allen's claim, the Eighth Circuit explained that

> [W]e think § 924(j) is fairly interpreted as an additional aggravating punishment for the scheme already set out in § 924(c). We reach this conclusion because of § 924(j)'s explicit reference to § 924(c) and because each subsection of the statute is designed for the same purpose—to impose steeper penalties on those criminals who use firearms when engaging in crimes of violence. Moreover, Allen's proposed interpretation of § 924(j) would lead to the odd result that a defendant convicted under § 924(c) is subject to an additional

9

> consecutive sentence only in situations that
> do not result in a death caused by use of
> the firearm.

247 F.3d at 769. In an unpublished opinion, the United States Court of Appeals for the Fourth Circuit adopted the Allen and Battle analysis. United States v. Hatten, 2007 WL 1977663 (4th Cir. July 5, 2007)(unpublished). In Hatten, the Fourth Circuit noted that "Section 924(j) is the penalty provision for individuals who aggravate their § 924(c) offense by killing someone with a firearm in the course of committing a § 924(c) offense." Id., at *2 (emphasis added). Citing Allen and Battle, the court noted that the sentence for a subsection (j) offense should run consecutively to the underlying offense. Id., at *2-*3.

Relying on Julian, the United States concedes that § 924(j) constitutes a discrete offense.[2] The Court need not decide that issue in this case however, as the Court is persuaded by, and accordingly adopts, the analysis of the United States Court of Appeals for the Third Circuit in United States v. Berrios, 676

---

[2] The United States does not however concede that the sentences must run concurrently. See (Govt. Opp. at 13 n.7 ("The government concedes that § 924(j) defines a separate offense from § 924(c), but does not concede that the penalties for these two offense may run concurrently."). The United States, apparently, accepts the reasoning of Julian, but rejects its holding. Curiously, in its position on sentencing, the United States relies heavily on Battle, Allen, and Hatten for the proposition that the sentences must run consecutively. (Govt. Pos. on Sentencing (Docket No. 317) at 3-4).

F.3d 118 (3rd Cir. 2012). In Berrios, as here, "the government expressly stated at argument that it considered § 924(j) to constitute a separate offense." 676 F.3d at 142 n. 17. Thus, the Berrios court declined to determine whether or not § 924(j) constituted a discrete offense or set forth an "enhancement" for an aggravated § 924(c) offense. Id. The central question in Berrios, as it was in Julian, Allen, Battle, and Hatten, was whether a sentence for a violation of § 924(j) constituted a sentence "imposed under" subsection (c) for the purposes of the consecutive sentence mandate of § 924(c)(1)(D)(ii). Id. at 140. The court explained that, "[a]lthough the government concedes that § 924(j) establishes a discrete crime from § 924(c), this has no bearing on our decision: we are persuaded that under any reasonable interpretation, 18 U.S.C. [§] 924(j) is subject to the consecutive sentence mandate provided in § 924(c)(1)(D)(ii)." Id. After analyzing the statutory scheme established by § 924(c), with particular reliance on the similar treatment of "discrete offenses," such as that established by § 924(c)(1)(B)(ii), and "sentencing factors," such those contained in § 924(c)(1)(A)(i)-(iii), the Third Circuit concluded that "like the rest of subsection (c), § 924(j) simply provides an additional circumstance beyond the existence of the predicate offense – namely, where a subsection (c) violation results in the death of a person – that governs the length of a

11

sentence to be imposed." Id.[3] The court explained that, "understood in the context of the statutory scheme, section 924(j) effectively functions as an extension of subsection (c)'s statutory core. And in light of the subsection (c) cross-reference, Congress's intent to treat it as such is clear." Id. The Berrios court went on to conclude that the penalty provisions of subsection (j) operated as part of Congress's "clear intent to stack punishment for all § 924(c) violations" and, therefore, was subject to the consecutive sentence mandate. 676 F.3d at 140-41. The court explained, "[i]t takes no special insight or leap of logic to conclude that the central reason for Congress's choice of language in writing subsection (j) — 'during the course of a violation of subsection (c)' — was to ensure that separating out subsection (j) from subsection (c) did not deprive the law of a coherent sentencing scheme." Id. at 141.

With those principles in mind, the Court turns to the case

---

[3] In Alleyne v. United States, 133 S. Ct. 2151 (2013), the Supreme Court of the United States overruled Harris v. United States, 536 U.S. 545 (2002). In Alleyne, the Court concluded that "[m]andatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increase the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. While that decision operates to convert the escalating minimum sentence scheme of § 924(c)(1)(A)(i)-(iii) into a series of elements of "separate, aggravated offense[s]," id. at 2162, that decision has no apparent bearing on the present analysis except to reinforce that which is not in dispute; i.e., that the question of "caus[ing] death of a person" had to be submitted to the jury.

12

at hand. Beyond the uncontested, and thus unreached, issues present — namely, that Apprendi and Alleyne require the submission of the "elements" of a subsection (j) offense to the jury — Bran raises two principal arguments in support of his claim that jury did not unambiguously find all the elements of a § 924(j) offense and, thus, the Court should enter a judgment of acquittal as to § 924(j). First, Bran claims that, "if the jury intended to find Mr. Bran guilty under § 924(c) but not guilty under § 924(j), the only way it could effectuate that intent with this verdict form would be to not check 'use.'" (Def. Mot. at 11 (emphasis in original)). The second is that, if the Court were to adopt the view that the finding of "guilty" as to Count Three constituted a finding of guilt under § 924(j), it would render the special findings portion of the verdict form superfluous. (Def. Reply at 4). In sum, Bran argues that, in order to properly convict him of a § 924(j) violation, the jury would have had to write "guilty" and check "use."[4] The government argues that, taken as a whole, the verdict form, the indictment, and the jury instructions operate to reflect a conviction under § 924(j). (Govt. Opp. at 5).

When assessing a verdict, the Court examines "the verdict sheet and the instructions as a whole." United States v. Perry,

---

[4] Bran does not explain, and the Court cannot determine, how, under his theory, the jury would have indicated a finding of guilty under § 924(c)(1)(A)(i), but not under § 924(j).

13

335 F.3d 316, 323 (4th Cir. 2003); see also United States v. Riccio, 529 F.3d 40, 47 (1st Cir. 2008) ("[W]e review the form as a whole, in conjunction with the jury instructions, in order to determine whether the issues were fairly presented to the jury."); United States v. Poirier, 321 F.3d 1024, 1032 (11th Cir. 2003) ("[W]e examine whether the jury instructions and verdict form, considered as a whole, were sufficient so that the jurors understood the issues and were not misled."); United States v. Brown, 330 F.3d 1073, 1077 (8th Cir. 2003) (looking at "the jury instructions and verdict form viewed as a whole"). Here, the jury was instructed that, in order to convict on Count Three, there were three elements that the United States had to prove: (1) that Bran committed a crime of violence, (2) Bran "knowingly used, carried or discharged a firearm" during and in relation to that crime and (3) "the firearm caused the death of the Osbin Hernandez-Gonzalez." See Jury Instructions (Docket No. 279) at No. 45. The jury was further instructed that the United States' theory was that Bran had "aided and abetted" the violation and that, if the jury found that Bran had aided and abetted the elements set forth in the instruction on Count Three, he could be viewed as having committed them himself. See Id. at No. 54. In essence, under Robinson, the elements that the jury was instructed on are the elements of a § 924(j) offense, including the additional element of "caused the death." United

14

States v. Robinson, 275 F.3d 371, 378 (4th Cir. 2001)("[T]he conduct elements of a § 924(j) violation are (1) the use of a firearm to cause the death of a person and (2) the commission of a § 924(c) violation.").

In United States v. Rooks, 16 F. App'x 244, 250 (4th Cir. 2001) (unpublished), the Fourth Circuit found that a district court had not erred in failing to submit a special verdict form to the jury. The court explained,

> The indictment charged that this was in violation of §§ 924(c) & (j). Section 924(c) prohibits the use or carrying of a firearm during a drug trafficking offense. Section 924(j) provides for enhanced penalties under § 924(c) if the firearm was used to commit murder. The jury returned a general verdict of guilty on the third count. The defendants claim that the jury may only have found them guilty of carrying a firearm in violation of § 924(c). In other words, the defendants claim that a special verdict should have been submitted, which would have allowed the jury to indicate specifically whether it found the defendants guilty of aiding and abetting in the use of a firearm to commit murder in violation of § 924(j). . . . The defendants' argument is meritless. The judge instructed the jury that in order to convict on the third count, it had to find that the defendants 'murdered Reynold Curtis Forde ... or aided [and] abetted in his murder.' Thus, there is no possibility that the jury found the defendants guilty of only carrying a firearm in violation of § 924(c). Instead, the jury convicted the defendants of aiding and abetting in the use of a firearm to commit murder during a trafficking offense in violation of § 924(j).

Id. at 250-51. Similarly, in United States v. Jiminez-Torres,

15

435 F.3d 3, 10 (1st Cir. 2006), the First Circuit explained that where "the indictment unambiguously charged [a defendant] with violating § 924(j)(1)[,] it also, as a matter of law, charged him with the lesser-included offense" of § 924(c)(1)(A)." But, in Jiminez-Torres, "[w]hile [the] indictment included the lesser-included offense, no lesser-included-offense instruction was given to the jury." Id. Because the jury instructions specifically referred to the death of the victim as an element of the offense, and because there was no lesser-included offense instruction, the First Circuit found that it was not plain error to treat the general verdict as a conviction under § 924(j). Id.

Bran seeks to distinguish Rooks and Jiminez-Torres on the basis that those were cases in which there was no special verdict form. Here, Bran asserts, there existed the possibility that the jury could have intended to find him merely guilty of § 924(c). (Def. Reply at 3). However, such a finding would have been inconsistent with the instructions given by the Court to the jury which plainly required a finding, under Count Three, of the elements of subsection (j). According to Bran, "the jury's threshold finding of guilty on Count Three was necessary, but not sufficient, for it to find all the elements constituting the § 924(j) offense." (Def. Reply at 3). That argument simply misreads the content of the jury instructions. Under the jury instructions, as given, in order to make the so-called

16

"threshold" finding of guilty, the jury would have had to found all of the elements of a § 924(j) violation, including the additional "element" of "caus[ing] the death of another." It would not have been possible for the jury to find the "threshold" question of guilt without also finding the elements of a § 924(j) offense.

"Unless we proceed on the basis that the jury will follow the court's instructions where those instructions are clear and the circumstances are such that the jury can reasonably be expected to follow them, the jury system makes little sense." Bruton v. United States, 391 U.S. 123, 135 (1968) (quoting Delli Paoli v. United States, 352 U.S. 232, 241 (1957)); see also Weeks v. Angelone, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions. Similarly, a jury is presumed to understand a judge's answer to its question.") (internal citations omitted). The jury was instructed that in order to convict Bran on Count Three they had to find the elements of a violation of 18 U.S.C. § 924(j).[5]

But, argues Bran, what if the jury wanted to find him

---

[5] In Count Three, the indictment charged Bran with a violation of both § 924(c) and § 924(j). At worst, instructing the jury only on the § 924(j) served to remove the § 924(c) charge from the jury's consideration. Of course, "where an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the indictment." United States v. Ballard, 322 U.S. 78, 91 (1944).

guilty only of a § 924(c) offense? How would they so indicate? The answer, of course, is by finding him "not guilty" on Count Three. It may be that a § 924(c) offense constitutes a "lesser-included" offense of a §924(j) violation. See Jiménez-Torres, 435 F.3d at 10. And, there are certainly situations in which a defendant is entitled to a "lesser included offense" instruction. Keeble v. United States, 412 U.S. 205, 208 (1973) ("[I]t is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater."). Indeed, "the district court has no discretion to refuse to give a lesser-included instruction if the evidence warrants the instruction and the defendant requests it." United States v. Baker, 985 F.2d 1248, 1259 (4th Cir. 1993). The "evidence warrants" the instruction if "there is any evidence fairly tending to bear upon the lesser offense, however weak that evidence may be." United States v. Gibbs, 904 F.2d 52, 58 (D.C. Cir. 1990). However, the instruction must be requested. United States v. Colon, 268 F.3d 367, 374 (6th Cir. 2001) ("The first prong of the test . . . focuses on whether a proper request was made for the instruction by the moving party."); see also United States v Bruce, 458 F.3d 1157, 1162 (10th Cir. 2006) ("First, the defendant must properly request the instruction"); United States

v. Roy, 843 F.2d 305, 310 (8th Cir. 1998) ("Lesser included offense instructions should be given when: (1) there is a proper request;"). Here, there was no request for a lesser included offense instruction. It was not submitted with Bran's proposed jury instructions. See (Defendant's Proposed Jury Instructions (Docket No. 237)).[6] Bran did not object to the instructions as given relating to Count Three and, indeed, at the argument on this motion, conceded that the instruction on Count Three proper. Thus, no lesser-included offense instruction was requested and none was given. As a result, the jury simply did not have the opportunity to find Bran guilty of a § 924(c) offense. Based on the instructions, the indictment, and the verdict form, a finding of "guilty" on Count Three constituted a finding of guilty under 18 U.S.C. § 924(j).

What effect, then, of the special verdict form? Bran argues that to conclude that the so-called "threshold" finding of

---

[6] Bran's proposed elements for Count three consisted of elements purporting to be "aiding and abetting murder in aid of racketeering activity." (Def. Proposed Jury Inst. at No. 9). There does not appear to be a set of elements provided for any § 924 offense. The Court assumes this is clerical error. However, in Bran's Proposed Instruction No. 16, Bran proposed a "violent crime" instruction that specified that "In Count Three, the government must prove beyond a reasonable doubt that the defendant unlawfully and knowingly murdered Osbin Noel Hernandez-Gonzalez using a firearm." Id. at No. 16. This was distinct from the proposed instruction relating to Count Two, where the proof was merely the Bran murdered Hernandez-Gonzalez. Thus, even under Bran's proposed instructions, the jury was instructed on a § 924(j) offense; i.e., murder plus use of the firearm.

"guilty" constituted a finding of guilty under § 924(j) would render "the special findings section" that was below it "superfluous." (Def. Reply at 4). The United States does not address the effect _vel. non_ of the special finding of "discharge" in this case, arguing instead that the finding is "consistent" with a finding of guilty, primarily because "discharge" necessarily incorporates the finding of "use" under the facts of this case. (Govt. Opp. at 9). Neither party has raised, and the Court cannot find, any authority that addresses the interplay of the mandatory minimum sentence scheme laid out in 18 U.S.C. § 924(c)(1)(A)(i)-(iii) to a conviction under § 924(j). But the same reasoning that persuades the Court that Congress intended the consecutive sentence mandate to apply to § 924(j) compels the Court to conclude that § 924(j) also incorporates the mandatory minimum scheme set forth by § 924(c)(1)(A)(i)-(iii). This is because "[s]ection 924(j) is the penalty provision for individuals who aggravate their § 924(c) offense by killing someone with a firearm in the course of committing a § 924(c) offense." _Hatten_, 2007 WL 1977663, at *2. And, of course, a defendant is "subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." _Abbott v. United States_, 131 S. Ct. 18, 23 (2010) (emphasis added). The

20

constituent elements of a § 924(j) offense are a § 924(c)
offense plus the death of another. <u>Robinson</u>, 275 F.3d at 378.
Thus it follows that, upon the appropriate finding by the jury,
a defendant is subjected to the appropriate mandatory minimum
sentenced as set forth in 18 U.S.C. § 924(c)(1)(A)(i)-(iii) for
the constituent § 924(c) offense. This conclusion is compelled
by Congress's explicit reference to § 924(c) in the text of
§ 924(j). "[S]ection 924(j) effectively functions as an
extension of subsection (c)'s statutory core. And in light of
the subsection (c) cross-reference, Congress's intent to treat
it as such is clear." <u>Berrios</u>, 676 F.3d at 140. In addition,
incorporating the mandatory minimum sentence structure into
§ 924(j) offense (whether § 924(j) constitutes an enhancement of
§ 924(c) offense or constitutes a discrete offense) would avoid
"the odd result a defendant convicted under § 924(c)" would be
subjected to mandatory minimum sentences "only in situations
that do not result in a death caused by use of the firearm."
<u>Battle</u>, 289 F.3d at 669.[7] This result is contrasted, for example,
with the settled principle that a conviction for conspiracy
under § 924(o) is not subject to either the consecutive sentence
requirement or the mandatory minimum scheme established in

---

[7] In Bran's case, the imposition of a mandatory minimum sentence
for his conviction on Count Three is of little effect. Any
sentence that he receives on Count Three will run consecutively
to the mandatory life sentence he will receive on Count Two.

§ 924(c). See e.g., <u>United States v. Mays</u>, 285 F. App'x 269, 275
(6th Cir. 2008). However, "§ 924(o)'s relationship to § 924(c)
is easily distinguishable from that of § 924(j): § 924(o)
creates a conspiracy offense, which is by nature inchoate, and
therefore <u>does not require</u> that the defendant actually commit
the underlying crime." <u>Berrios</u>, 676 F.3d at 143 (emphasis in
original). In contrast, a § 924(j) explicitly requires a
violation of § 924(c). In <u>Berrios</u>, the Third Circuit concluded,

> A defendant who violates subsection (j) by
> definition violates subsection (c), and
> therefore is subject to the [consecutive
> sentence] mandate, regardless of whether §
> 924(j) constitutes a discrete criminal
> offense from § 924(c). And when Congress
> required proof of a § 924(c) violation
> before imposing the penalties listed under §
> 924(j), it intended to include a subsection
> (j) penalty within the scope of those
> sentences "imposed under" subsection (c).

<u>Berrios</u>, 676 at 144. The same reasons that the Third Circuit
used to arrive at this conclusion in <u>Berrios</u>, which is
persuasive, compels the Court to conclude that Congress intended
to incorporate the escalating mandatory minimum scheme present
in 924(c)(1)(A)(i)-(iii) to a § 924(j) violation. Indeed, the
logic of this incorporation is never more apparent than here
where Bran was charged under an aiding and abetting theory. Any
other conclusion would result in the perverse incentive that a
defendant would be subjected to a mandatory minimum sentence
under § 924(c) <u>unless</u> he committed murder, in which case no

22

mandatory minimum sentence would apply. The Court cannot conclude that Congress intended such a result in perspective of the sentencing scheme established by § 924 as a whole and particularly in perspective of the explicit reference to § 924(c) contained in § 924(j). Thus, the Court concludes that the effect of the jury's "special finding" of "discharge" on the verdict form was to impose the mandatory minimum sentence set out in 18 U.S.C. § 924(c)(1)(A)(iii) to set the floor of Bran's sentence on the § 924(j) offense.

## CONCLUSION

For the reasons set forth above, Jose Armando Bran's MOTION FOR JUDGMENT OF ACQUITTAL (Docket No. 290) will be denied.

It is so ORDERED.

_____ /s/      REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August ⌐, 2013